IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Kenneth Lamont Brooks, | ) | C/A NO. 3:05-3557-CMC |
| | ) | CR. NO. 3:04-119 |
| Petitioner, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Kenneth Lamont Brooks, a federal prisoner proceeding *pro se*, filed this motion under 28 U.S.C. § 2255 on December 21, 2005, raising several grounds for relief:[1] (1) that he received ineffective assistance of counsel at sentencing, including counsel's alleged failure to object to certain material contained in the Presentence Report (PSR); (2) that his counsel was ineffective in failing to file for dismissal due to an alleged violation of the Speedy Trial Act; (3) that his counsel was ineffective for failing to object to the imposition of the sentence "that exceeded statutory maximum for drug carrying lowest penalty," Pet. at 9 (Dkt. #1, filed Dec. 21, 2005); (4) that his counsel was ineffective in allowing him to enter into an unconstitutional plea; and (5) that counsel was ineffective in not objecting to the Government's alleged breach of the plea agreement. Although not contained in his original motion, Petitioner contends in his "Traverse," filed March 29, 2006, that

---

[1] Although the motion lists seven grounds for relief, this court has determined that two of Petitioner's claims are contained in other grounds for relief. The first ground in the original motion asserts counsel was ineffective "during trial in the federal prosecution and in the state prosecution." Pet. at 5 (Dkt. #1, filed Dec. 21, 2005). It appears this contention relates to counsel's alleged failure to investigate and object to the use of prior state convictions in determining Petitioner to be a "career offender" under the Federal Sentencing Guidelines (Guidelines). Petitioner's last-noted ground for relief contends counsel was ineffective in failing to object to certain aspects of the Presentence Report (PSR). Although listed separately, this claim will be considered with counsel's other actions at sentencing.

he requested counsel be present during his post-plea interview by the United States Probation Officer, but that counsel was not present, "as the court and I ask [sic] him to be[,]" Petitioner's M. for Traverse to the United States Response (hereinafter "Traverse") at 24 (Dkt. #13, filed Mar. 29, 2006), and that this absence violated his constitutional rights.

On February 21, 2006, Respondent filed a motion for summary judgment, to which Petitioner timely responded on March 29, 2006. Following a careful review of the record, the court **grants** Respondent's motion for summary judgment as to all of Petitioner's grounds for relief for the reasons set forth below.

## FACTS

On February 18, 2004, Petitioner was indicted in this district in a three count indictment charging one count of involvement in a large and lengthy drug distribution conspiracy (Count One)[2] and two counts of specific instances of distribution of cocaine base ("crack" cocaine) (Counts Two and Three). Petitioner was arraigned on August 16, 2004. A superseding indictment was returned on September 22, 2004, adding a "Notice of Special Findings." Respondent thereafter filed an Information pursuant to 21 U.S.C. § 851 on September 27, 2004, advising Petitioner that he was subject to enhanced statutory penalties based upon his several prior felony drug convictions.

A jury was selected in Petitioner's case on November 17, 2004. On November 30, 2004, Petitioner entered into a plea agreement with Respondent. In the plea agreement, Petitioner agreed: to have his sentence determined under the Federal Sentencing Guidelines (Guidelines); to waive

---

[2]Petitioner was charged with a conspiracy to distribute 50 grams or more of cocaine base ("crack" cocaine) and 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846. The indictment alleged that the conspiracy began in at least 1991, and continued through the date the indictment was returned.

having a jury determine facts beyond a reasonable doubt which might impact his sentence under the Guidelines (including facts supporting any specific offense characteristics or other enhancements or adjustments); to have this court conduct fact-finding at sentence based upon a preponderance of the evidence standard; and to waive his right to appeal and to file a § 2255 motion, except as to claims of ineffective assistance of counsel or prosecutorial misconduct.

On December 1, 2004, this court conducted a hearing in compliance with Rule 11 of the Federal Rules of Criminal Procedure. During this hearing, Petitioner acknowledged, under oath, that he had read and discussed the plea agreement with his attorney; that he was satisfied with his counsel; that there were no promises between the parties except those contained in the written plea agreement; that he had two prior felony drug convictions which had become final and that Respondent's § 851 Information was properly filed; that Respondent would consider filing a motion to reduce his sentence (whether it be at sentencing or via a post-sentencing Rule 35 motion) if he provided "substantial assistance"; that he was giving up his right to challenge the constitutionality of the Guidelines and agreeing to have this court determine sentencing facts by a preponderance of the evidence standard of proof; that because of his qualifying prior felony convictions and the weight of the drugs involved, he was facing a statutory mandatory minimum sentence of at least twenty years' imprisonment, with a maximum term of imprisonment for life;[3] and that the amount of drugs involved in the conspiracy was at least 50 grams of "crack" cocaine and five kilograms or more of powder cocaine.

---

[3]In the plea agreement, Respondent agreed to withdraw the § 851 enhancement as to one of his prior qualifying convictions; therefore, the statutory mandatory minimum sentence was twenty years instead of life imprisonment. This withdrawal of the § 851 enhancement was contingent only upon his compliance with the plea agreement, *not* upon any future cooperation.

On March 14, 2005, this court sentenced Petitioner to 292 months' imprisonment, ten years' supervised release, and a $100 special assessment. Petitioner's current motion, filed December 21, 2005, was thereafter timely filed.

## DISCUSSION

All of Petitioner's claims in this § 2255 motion relate to the alleged ineffectiveness of his attorney. The standard governing ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to succeed on such a claim, Petitioner must first show that his counsel's performance was "deficient," *Strickland*, 466 U.S. at 687-88, and that such deficiency resulted in actual prejudice to Petitioner. *Id*.

As to the first prong of the *Strickland* test, a defense attorney's conduct is deficient if it fails to meet a standard of "reasonably effective assistance." *Id*. at 687. A reviewing court must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690. *See also Lockhart v. Fretwell*, 506 U.S. 364, 371-72 (1993). Petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," as this court applies a "heavy measure of deference to counsel's judgments." *Strickland*, 466 U.S. at 689-91.

An analysis of an ineffective assistance of counsel claim can initially focus on the prejudice prong of the *Strickland* test, as "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697. To establish prejudice in the context of a guilty plea, Petitioner must show "there is a reasonable probability that, but for counsel's error, [Petitioner]

4

would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

A determination of the probability of what the petitioner would have done but for counsel's errors involves an objective determination under the circumstances, including an evaluation of the strength of the Government's case. *See id*. at 59-60 (citing *Evans v. Meyers*, 742 F.2d 371, 375 (7th Cir. 1984)); *Ostrander v. Green,* 46 F.3d 347, 356 (4th Cir.1995), *overruled on other grounds by O'Dell v. Netherland*, 95 F.3d 1214 (4th Cir.1996); *United States v. Horne*, 987 F.2d 833, 836 (D.C.Cir.1993). Without an objective analysis, prejudice could be demonstrated merely by Petitioner's self-serving allegations. Accordingly, Petitioner must at least demonstrate that his allegation of his preference of proceeding to trial has "a plausible foundation in the record." *United States v. Nahodil*, 36 F.3d 323, 327 (3d Cir. 1994). Petitioner "must make more than a bare allegation that he 'would have pleaded differently and gone to trial.'" *Horne*, *supra*, 987 F.2d at 836 (quoting *Key v. United States*, 806 F.2d 133, 139 (7th Cir.1986)).

Initially, the court notes that many of Petitioner's grounds for relief are supported by averments which directly contradict Petitioner's statements made at his change of plea hearing, conducted in compliance with Fed. R. Crim. P. 11. "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). "[R]epresentations of the defendant . . . at [plea] hearing[s] . . . constitute a formidable barrier in any subsequent collateral proceedings," *id.* at 73-74, because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. *United States v. Bowman*, 348 F.3d 408, 417 (4th Cir. 2003). *See also Crawford v. United States*, 519 F.2d 347, 350 (4th Cir. 1975) ( "[T]he accuracy and truth of an accused's statements at a Rule 11 proceeding in

5

which his guilty plea is accepted are 'conclusively' established by that proceeding unless and until he makes some reasonable allegation why this should not be so."), *partially overruled on other grounds by United States v. Whitley*, 759 F.2d 327 (4th Cir. 1985) (en banc). The court now turns to Petitioner's specific grounds for relief.

### 1. Failure to Reasonably Investigate Petitioner's Prior Convictions.

Petitioner maintains counsel was ineffective in failing to research Petitioner's prior convictions, and in failing object to the use of these prior convictions as the basis for his classification as a "career offender" under the Guidelines. *See* United States Sentencing Guidelines (U.S.S.G.) § 4B1.1(a) (2004) (defining "career offender"). Petitioner's counsel, David B. Betts, avers in his affidavit that he did not challenge the classification of Petitioner as a career offender because he "believe[d] the PSR properly establish[ed] that he was one." Affidavit of David B. Betts (hereinafter "Betts Aff.") at 3, Attachment C to Respondent's Response to Pet. (Dkt. #8, filed Feb. 21, 2006).

The Guidelines provide for the consideration of past criminal conduct when a court imposes sentence, as "the likelihood of recidivism and future criminal behavior must be considered." U.S.S.G. ch. 4, pt. A, introductory cmt. To this end, the Guidelines determine that a defendant is to be considered a "career offender" if

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). The Guidelines define a "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that (1) has as an element the

6

use, attempted use, or threatened use of physical force against the person of another . . . ." U.S.S.G. § 4B1.2(a)(1). A "controlled substance offense" is defined by the Guidelines as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the . . . distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to . . . distribute, or dispense." U.S.S.G. § 4B1.2(b). The term "two prior felony convictions" is defined by the Guidelines to mean "(1) the defendant committed the instant offense of conviction subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense . . . , and (2) the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of § 4A1.1(a), (b), or (c)." U.S.S.G. § 4B1.2(c). The Guidelines also provide that '[a] career offender's criminal history category in every case under this subsection shall be Category VI." U.S.S.G. § 4B1.1(b).

Petitioner does not argue that his prior offenses are not defined as felony convictions under state law, or that any of these offenses were not punishable by a term of imprisonment of more than one year. Petitioner did not challenge the validity of these prior state felony convictions at sentencing, nor does he do so in this § 2255 motion. Instead, Petitioner argues he should not be considered a "career offender" because of the sentences he received.[4]

---

[4]Petitioner was sentenced for three of his prior convictions under South Carolina's Youthful Offender Act (YOA). Petitioner received an indeterminate sentence of imprisonment not to exceed six years as to two of the convictions (91-GS-32-2836 [distribution of cocaine] and 91-GS-32-1981 [distribution of cocaine]), to be served concurrently. As to the third conviction for which he was sentenced under the YOA (92-GS-32-171 [pointing and presenting a firearm]), Petitioner received a one year sentence, to be served concurrently with the other two sentences imposed June 15, 1992. Petitioner served approximately three and one half months' imprisonment in the South Carolina Department of Corrections for all three of these convictions.
    In 2001, Petitioner was convicted on one count of distribution of cocaine (powder) within proximity of a school, and one count of distribution of "crack" cocaine within proximity of a school. Petitioner received a five year sentence as to each count of conviction, suspended upon the

Petitioner was convicted of five qualifying South Carolina felony offenses. So long as he had at least two qualifying prior felony convictions–under federal or state law–that were punishable by terms of imprisonment exceeding one year, the sentences he actually *received* for those offenses have no bearing on whether or not he is classified as a "career offender" under the Guidelines. Because Petitioner had at least two qualifying prior felony convictions, the determination that he was a "career offender" was correct and automatically placed him in a Criminal History Category VI. *See* U.S.S.G. § 4B1.1(b).

Petitioner's arguments relating to the status of his prior convictions have no merit.[5] The court determines that the PSR correctly determined Petitioner to be a "career offender" under the Guidelines. Therefore, his contention regarding the ineffectiveness of his counsel as to this ground is rejected, and Respondent's motion for summary judgment as to this ground is granted.

**2. Failure to Move to Dismiss Superseding Indictment.**

Petitioner claims his counsel was ineffective in failing to move to dismiss the Superseding Indictment, the return of which Petitioner alleges violated the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*.

The Speedy Trial Act provides that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such

---

completion of two years' probation.

[5]In his Traverse, Petitioner asserts that Respondent failed to establish which of his prior convictions it was relying upon when it filed the § 851 information on September 27, 2004. *See* Traverse at 8. Yet Petitioner acknowledged during the Rule 11 hearing that he had two prior felony drug convictions which had become final for purposes of § 851, and that the Information was properly filed. Plea Hrg. at 15. The time to contest the validity of his prior convictions was at the time of his plea, not in this § 2255 motion. To the extent Petitioner contends that his counsel was ineffective in failing to object to the § 851 enhancement, this claim is without merit.

8

individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). The Act further provides for mandatory and automatic dismissal of the complaint should the government fail to comply with the applicable time limits. *See* 18 U.S.C. § 3162(a)(1). *See also United States v. Giwa*, 831 F.2d 538, 541 (5th Cir.1987) (noting if defendant arrested on criminal complaint, Government must indict on charges contained in the complaint within thirty days or face a violation of the Speedy Trial Act). The Act does not specifically address a circumstance such as this, where a superseding indictment is filed more than thirty days after a defendant is arraigned on an indictment. *See United States v. Perez*, 217 F.3d 323, 328 (5th Cir. 2000).

Petitioner was not originally charged in a federal criminal complaint in this matter. Therefore, the thirty-day time period in § 3161(b) does not apply to him. The Superseding Indictment did not change the substantive charges against Petitioner, but rather added a "Notice of Special Findings," which contained additional facts Respondent was prepared to prove to a jury beyond a reasonable doubt.

In June 2004, the United States Supreme Court decided *Blakely v. Washington*, 542 U.S. 296 (2004), wherein the Court held that the State of Washington's criminal sentencing scheme violated the Sixth Amendment. At the time of Petitioner's case, the Supreme Court had granted certiorari in, but had not decided, *United States v. Booker*, 543 U.S. 220 (2005). At the time of Petitioner's case, therefore, it was uncertain whether the Supreme Court would apply the *Blakely* reasoning in the *Booker* case, and whether facts upon which Petitioner's sentence might be based needed to be proved to a jury beyond a reasonable doubt. *See Blakely*, 542 U.S. at 301 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory

maximum must be submitted to a jury, and proved beyond a reasonable doubt.") (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

The Superseding Indictment did not change the statutory offenses charged in the original Indictment, nor did it re-start the seventy-day "indictment-to-trial" requirements of § 3161(c)(1).[6] Petitioner presents no evidence of how his counsel's actions fell below an objective standard of reasonableness relating to this claim. Nor has Petitioner presented any evidence of how he was prejudiced in the preparation of his defense by the addition of the "Notice of Special Findings." Therefore, Respondent's motion for summary judgment as to this ground is granted.

### 3. Ineffective Assistance of Counsel at Sentencing.

Petitioner presents several arguments relating to his counsel's actions at sentencing. Petitioner's first argument is that his counsel was ineffective in failing to object to the imposition of the sentence based upon his involvement with "crack" versus powder cocaine. Petitioner posits that when both "crack" cocaine and powder cocaine are involved in an offense, the sentence imposed should be for the drug that carries the more lenient penalty; that is, powder cocaine. The "rule of lenity" only applies when a statutory ambiguity exists. The Fourth Circuit has determined that 21 U.S.C. § 841 contains no ambiguity. *See United States v. Fischer*, 58 F.3d 96 (4th Cir. 1994)

---

[6]Petitioner does not argue the statutory time period between arraignment on the original Indictment and trial was somehow violated by the return of the Superseding Indictment. If Petitioner were making this argument, the court would find it to be without merit. Not only were there pending pretrial motions in Petitioner's case, *see United States v. Dorlouis*, 107 F.3d 248, 253-54 (4th Cir. 1997) (period pretrial motions pending automatically excluded and delay in resolving outstanding pretrial motions need not be reasonable for period to be excluded), but Petitioner also consented to a continuance of his case beyond the October 2004 term of court. A jury was selected on November 17, 2004, thereby stopping the running of the period in which Respondent needed to bring Petitioner to trial. *See United States v. A-A-A Elec. Co.*, 788 F.2d 242, 246 (4th Cir. 1986) (trial commences when voir dire (jury selection) begins).

(construing 21 U.S.C. § 841 to find Congress meant to impose different, and harsher, penalties for "crack" cocaine offenses and noting that rule of lenity only applies in circumstances where ambiguity exists). Petitioner's underlying claim has no merit; therefore, the actions of his counsel cannot be said to have fallen below an objective standard of reasonableness.

Petitioner next asserts that he should not have been held accountable for the amount of crack cocaine contained in the PSR,[7] and that he directed his counsel to object to the amounts. During the plea hearing, Petitioner admitted his involvement with at least 50 grams of "crack" cocaine and at least 5 kilograms of powder cocaine. *See* Plea Hrg. at 28. Additionally, Petitioner admits to this same level of involvement in the filings relating to this § 2255 motion. *See* Traverse at 11 ("This was [sic] the only drug amounts [50 grams or more of "crack" cocaine and 5 kilograms or more of powder cocaine] that Petitioner admitted to in his unconstitutional[8] plea agreement, and for the record.") and 14 ("Petitioner had only admitted to the amounts in his plea agreement to count 1, of conspiring to distribut[e] both 50 grames [sic] or more of cocaine base and 5 kilograms of cocaine.").

In his affidavit, attorney Betts avers that when he met with Petitioner after receipt of the initial PSR, one of Petitioner's objections was that "much of the information given by witnesses regarding the drug quantities for which he was being held responsible was false, however, he agreed that he could not legitimately dispute being responsible for at least 1.5 kilograms of crack which resulted in a maximum base offense level of 38." Betts Aff. at 2.

---

[7]The Probation Officer calculated that Petitioner's involvement in the drug conspiracy was 11.3 kilograms of "crack" cocaine. While some of the cocaine with which Petitioner was involved was powder cocaine, this was converted to "crack" cocaine using an 88:1 ratio. *See* U.S.S.G. § 2D1.1(c), Note A. *See also United States v. Paz*, 927 F.2d 176, 180 (4th Cir. 1991) (upholding conversion rate of 100 grams of cocaine into 88 grams of "crack" cocaine).

[8]See discussion, *infra*.

Counsel communicated Petitioner's concerns relating to historical drug weights to the Probation Officer, although he "advised the probation officer of . . . [Petitioner's] admission that level 38 was proper." Betts Aff. at 2. At sentencing, counsel indicated for the record that Petitioner "did note some factual disputes regarding some drug quantity . . . but concede[s] that it's [the drug quantity] well over the 1.5 kilograms, so we were not trying to nitpick with other witnesses, but we don't necessarily agree with all their statements. We do agree the drug quantity would not be affected at all." Tr. of Sentencing Hrg. ("hereinafter Sentencing Hrg.") at 2, filed as Attachment B to Respondent's Resp. (Dkt. #8, filed Feb. 21, 2006). Petitioner then was specifically addressed by the court:

> [Court]: [Counsel] indicated to me that you do have some dispute with some of these drug weights.
>
> [Petitioner]: Yes, ma'am.
>
> [Court]: But you are choosing not to file objections to that because even if you objected and even if you were to prevail on your objects you would still have a total drug weight that were be at least 1.5 kilos of crack. So you would be at a base offense level of 38 anyway. Is that your understanding?
>
> [Petitioner]: Yes.
>
> [Court]: That's what you want to do?
>
> [Petitioner]: Yes, ma'am.

Sentencing Hrg. at 3.

Petitioner agreed at his guilty plea hearing that the drug quantity was over 1.5 kilograms of "crack" cocaine. This placed him at an offense level of 38 under the Guidelines. *See* U.S.S.G. § 2D1.1(c)(1). Therefore, even if counsel had filed objections as to the amount of drugs involved,

Petitioner's own prior admission would have placed him at the highest offense level for drug offenses under the Guidelines, and the objections would have been overruled.

Lastly, Petitioner contends that in addition to the objections discussed above relating to drug weight, he also directed attorney Betts to file objections to the PSR based upon the use of Petitioner's prior convictions in classifying him as a "career offender" under the Guidelines and an enhancement contained in the PSR based upon Petitioner's supposed possession of a firearm. Petitioner's contentions relating to this request of counsel are submitted to this court under the penalty of perjury. Betts' affidavit states he believed the PSR correctly assessed Petitioner's status as a career offender under the Guidelines, and that he "filed the only two objections [Petitioner] insisted upon." Betts Aff. at 4.[9]

Even assuming Petitioner *did* request Betts file objections to the PSR relating to the prior convictions, and that counsel was therefore ineffective in neglecting to do so, Petitioner cannot establish Betts' alleged failure or refusal prejudiced him. As noted above, Petitioner does not argue the validity of the prior convictions. Accordingly, the PSR correctly established Petitioner's previous criminal history to find Petitioner to be a "career offender" under the Guidelines, and any objections raised would have been rejected by this court.

As to the gun enhancement, Betts did file an objection to the inclusion of the enhancement in the PSR, which this court sustained. Therefore, Petitioner's contention in this regard is without merit.

---

[9]The court assumes counsel means the "the only two objections" refers to the objection relating to the gun enhancement, as well as communicating with the Probation Officer Petitioner's concerns relating to historical drug weights.

Throughout Petitioner's arguments relating to Betts' alleged ineffectiveness, in this ground and others, are references to supposed violations of *Apprendi*, *Blakely*, and *Booker*. These allegations are rejected for two reasons. First, Petitioner specifically waived his right to contest the constitutionality of the Guidelines and other matters associated with his sentencing in his plea agreement. This waiver was reviewed with Petitioner by this court at his Rule 11 hearing, and Petitioner stated, under oath, that he understood the rights he was forfeiting, that he was aware of the uncertainty in the law at the time of his plea, and that he wanted to proceed. *See* Plea Hrg. at 10-11. Second, even if Petitioner had not waived his rights, Petitioner's *Apprendi* claims are not cognizable in a § 2255 motion. *See United States v. Sanders*, 247 F.3d 139, 150 (4th Cir. 2001). To the extent Petitioner raises claims under *Booker*, they, too, are not cognizable in a § 2255 motion. *See United States v. Morris*, 429 F.3d 65 (4th Cir. 2005).

Petitioner also has produced no evidence, nor does he allege, that his counsel would have had any reason to believe Petitioner did not or could not understand the court's comprehensive Rule 11 proceeding, wherein he was questioned about, and waived, the very rights he now contests. In the absence of any evidence Petitioner was incompetent or incapable of participating in the Rule 11 proceeding, Petitioner's assertions cannot stand. Accordingly, Respondent's motion for summary judgment is hereby granted as to this ground for relief.

**4. "Unconstitutional" Plea Agreement.**

Petitioner contends counsel was ineffective for allowing Petitioner to enter into an "unconstitutional" plea agreement which allegedly violated *Apprendi*, *Blakely*, and *Booker*. In addition, Petitioner maintains counsel did not review the plea agreement with him; did not allow Petitioner to read it before it was signed; did not explain the consequences of the plea to him

14

(Petitioner); and failed to inform him regarding the correct sentencing range. Petitioner asserts these alleged inactions by counsel rendered his plea involuntary under *Boykin v. Alabama*, 395 U.S. 238 (1969). *See* Aff. of Kenneth L. Brooks (hereinafter "Brooks Aff.") at 2, attached to Pet. (Dkt. #1, filed Dec. 21, 2005).

Betts avers that he met with Petitioner to discuss the plea agreement, extensively reviewed the plea agreement and Guidelines with Petitioner, reviewed and discussed how the Guidelines might apply to Petitioner and that "[w]hile he was not happy with [the length of the potential sentence of imprisonment Petitioner faced] and wanted me to get him 'a better deal' I explained that what was being offered was all there was and he would have to take it or go on to trial." Betts Aff. at 2.

Petitioner chose to forego many rights when he pled guilty. *See United States v. Ruiz*, 536 U.S. 622, 628 (2002) ("When a defendant pleads guilty he or she, of course, forgoes not only a fair trial, but also other accompanying constitutional guarantees."); *United States v. Bartram*, 407 F.3d 307, 314 (4th Cir. 2005) ("The defendant in this case waived his Sixth Amendment rights when he consented to the plea agreement."), *cert. denied*, 126 S. Ct. 1374 (Feb. 21, 2006). At the Rule 11 hearing, Petitioner acknowledged that he had an opportunity to read the plea agreement and discuss it fully with counsel before he signed it. *See* Plea Hrg. at 5. As noted above, statements made under oath during a change of plea hearing "carry a strong presumption of verity." *Blackledge*, 431 U.S. at 74.

For these reasons, the court finds Petitioner's claim to be without merit. Therefore, Respondent's motion for summary judgment is granted as to this ground for relief.

**5. Failure to Object to Alleged Breach of Plea Agreement.**

In the previous ground, Petitioner claims his plea agreement is unconstitutional; in this ground for relief, he seeks to take advantage of its binding nature. In this claim for relief, Petitioner contends counsel was ineffective in failing to object to Respondent's alleged breach of the plea agreement. Petitioner asserts Respondent promised it would file a motion for downward departure when Petitioner was sentenced. Petitioner maintains Respondent "conceded" at sentencing "that whether [Petitioner] had given substantial assistance to the government was not in contention, but rather defendant was denied the 5K1.1 motion after providing assistance." Memo. of Authority at 18, attached to Pet. (Dkt. #1, filed Dec. 21, 2005).

Petitioner also alleges Respondent "'made an oral agreement that the [Petitioner's] guilty plea would be condictional [sic], subject to a downward departure if he cooperate[ed]', [sic] and that his 'plea of guilty was . . . [sic] induced by this fraudulent oral agreement.'" *Id.* at 20 (internal quotations in original). Petitioner further alleges that the only reason he entered into the plea agreement with Respondent and entered a guilty plea was that "the government had agree[d] to give me some favorable provisions here, along with agreeing to file at sentencing a downward departure, in return for me to plead [sic] guilty." Traverse at 22.

During the Rule 11 hearing, the following exchange took place:

[The Court]: They have also agreed that **if** you provide additional assistance and substantial assistance from this point on, that they would **consider** making a motion to reduce your sentence below [the statutory mandatory minimum].

[Petitioner]: Okay.

[The Court]: That they would, under 5K1 of the guidelines, that they would make a motion at the time of your sentencing, or if you had not completed your cooperation at that point in time they may wait and file that motion as a Rule 35 motion to reduce your sentence. That is done within one year of the time your sentence is imposed. Do you understand those **possibilities**?

[Petitioner]: Yes.

Plea Hrg. at 7 (emphasis added). Later in the Rule 11 hearing, the prosecutor indicated that, "[R]egardless of what happens with *Blakely*, just being substantial assistance I will make the motion regardless of where he ends up on the range of sentencing. **If he earns a motion then he is entitled to it.**" Plea Hrg. at 13 (emphasis added).

As relates to Petitioner's allegation that an oral promise was made to move to reduce his sentence by Respondent, this court questioned Petitioner during the Rule 11 hearing whether "anyone promised you anything else other than what's written down in this plea agreement?" Plea Hrg. at 5. Petitioner responded: "No, ma'am." *Id*.

The court finds it implausible Petitioner misunderstood the discretionary nature of a § 5K1.1 motion which Respondent might file at sentencing. As discussed above, Petitioner cannot now escape his own admissions. *See Blackledge*, 431 U.S. at 74. The court finds this ground for relief to be without merit, and grants Respondent's motion for summary judgment.

### 6. Counsel's Failure to Be Present at Post-Plea Interview.

Petitioner asserts in his Traverse, but not in his original motion, that counsel was not present during the post-plea interview conducted by the United States Probation Officer. Petitioner maintains he requested counsel be present during this interview, and that because "[t]his was a critical stage of the proceedings," Traverse at 24, this violated his Sixth Amendment right to counsel, and the Probation Officer "violated all of [P]etitioner's rights against self-incrimination." *Id*. This contention is not addressed by attorney Betts' affidavit.

The PSR interview is not a critical stage of the proceeding. *United States v. Hicks*, 948 F.2d 877, 887 (4th Cir. 1991). Additionally, while the Sixth Amendment right to counsel guarantees the

17

assistance of counsel to a defendant confronted by "prosecutorial forces," constitutional protections need not be invoked in the absence of adversarial proceedings. *United States v. Johnson*, 935 F.2d 47, 50 (4th Cir.1991) (citing *Moran v. Burbine*, 475 U.S. 412, 430 (1986)). Throughout the process of interviewing a defendant and preparing a PSR, a probation officer is a neutral, information-gathering agent of the court, not an agent of the prosecution. *Johnson*, 935 F.2d at 49-50 (citing *United States v. Jackson*, 886 F.2d 838, 844 (7th Cir.1989)).

This court advised Petitioner of his right to have counsel present during the post-plea interview by the Probation Officer. Had Petitioner believed it to be of critical importance that his attorney be present during the interview, he could have declined to be interviewed until attorney Betts was present. Additionally, Petitioner had ample opportunity to object to any information contained in the PSR, and he makes no assertion now that he directed counsel to file objections to the PSR, except as noted above. The court directly questioned Petitioner at sentencing whether he had read and discussed the PSR with his attorney, and at no point did Petitioner indicate any disagreement with the information contained in the PSR (except as discussed above), or complain that counsel was not present during the post-plea interview conducted by the Probation Officer. The time to do so was prior to, or at, sentencing.

Petitioner's assertion that the Probation Officer violated his Fifth Amendment rights is also without merit. *See Hicks*, 948 F.2d at 887 (4th Cir. 1991) (*Miranda* warnings not required before routine PSR interviews).

For these reasons, Petitioner's claim is rejected.

## CONCLUSION

For all the reasons stated above, Respondent's motion for summary judgment is **granted**.

**IT IS SO ORDERED.**

                                                      s/ Cameron McGowan Currie
                                                     CAMERON McGOWAN CURRIE
                                                     UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 13, 2006

C:\temp\notesB0AA3C\05-3557 Brooks v. USA e granting Govt sumjgm.wpd